CHICOT COUNTY VS. CAMPBELL.

Upon presentation of the levee scrip of Chicot county, on a call of the county court under the act of 6th January, 1857, (*Gould's Dig.* 925,) for redemption, classification and re-issue, the holder of the scrip is entitled to payment of both principal and interest, and the County Court had no right to cancel the scrip without provision for payment of the interest as well as the principal.

*Appeal from Chicot Circuit Court.*

Hon. J. C. MURRAY, Circuit Judge.

BELL & CARLTON, for appellants.

GARLAND, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Under the act of 6th January, 1857, providing for the redemption, classification and re-issue of outstanding county scrip, which is upon page 925, of *Gould's Digest*, the County Court of Chicot county had made an order calling in its scrip, and pursuant thereto, Campbell, on the 19th of January, 1858, presented an amount of scrip to the court, with a written statement, showing the dates, numbers and amounts of the pieces, to whom, and for what purpose issued, and asked for its classification, and for a re-issue of scrip in the place of the old that might be redeemed or canceled. Campbell seemed to apprehend that his scrip might be canceled by the court without being paid first, according to its face, and he therefore protested against a cancellation, unless upon payment of the principal and interest of his scrip; it all bearing interest from date, at ten per cent. per annum, from being so expressed on its face.

The court classified the scrip, and authorized the treasurer to apply to its payment any unappropriated funds that might be in his hands at the annual settlement of the accounts, two years from the time of the order, but not to pay any back or accruing interest, nor to pay the warrants if they should come through the collector of the taxes; and the court gave Campbell till the next term to accept or to reject the proposition.

At the succeeding term, in April, 1858, Campbell filed his refusal to accede to the order of the County Court, and asked for an appeal from its decision, refusing to redeem the scrip by providing for its interest as well as for its principal. The County Court refused to grant an appeal, and Campbell proceeded by mandamus to have the cause transferred to the Circuit Court. In the Circuit Court it was considered as an appeal by the court, and by the parties: the county taking no steps in the case, but to move for the quashal of the alternative writ of mandamus, and to have the case argued on the merits, when it was fully before the court. The Circuit Court reversed the judgment of the County Court for error, in not ordering the payment of the principal and interest of the scrip. Upon the trial of the case in the Circuit Court, it was of the opinion that

Campbell was entitled to unconditional payment of the scrip and interest, out of any unappropriated funds in hand at two years from the 18th of January, 1858. The classification of the scrip, which deferred its payment for two years, was not objected to by Campbell. The county appealed to this court.

Supposing that the County Court had some good reason for its order, we have searched diligently to find it in some statute relating to the Chicot county levees and scrip, this scrip being drawn upon money appropriated for levee purposes, but can find nothing relating to the subject. We see law in the Acts of 1840, authorizing the building of levees, but can find no special law that suggests to us the ground upon which the County Court repudiated the obligations of the county; nor do we find any in the general law. And if there were reasons founded on public policy, or if there were special equities existing in favor of the county against the particular scrip presented by Campbell, they have not been communicated to us : and, without assistance, we cannot divine the reasons of the rejection of Campbell's demand of interest.

It is however intimated in the order of the County Court, that Daniel Gaster and the Receiver of the Real Estate Bank, were holders of Chicot county scrip, and had made a settlement with the court similar to its proposition to Campbell: but we can excuse Campbell for not holding these compromises to be acceptable precedents for his own settlement with the county.

Two points are taken here by the counsel for the county : one, that if Campbell came in under the call, he must conform to the conditions affixed by the court making the call : the other, that if the scrip in suit was levee scrip, the County Court could impose such terms thereon as should seem to it to be proper. These do not seem to us to require the judgment of the Circuit Court to be reversed, and it is affirmed.